Filed 6/20/23  P. v. Castro CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061348 |
| v. | (Super. Ct. No. 00NF1636) |
| FIDEL ERNESTO CASTRO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Michael A. Leversen, Judge.  Affirmed.

Benjamin Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*    \*    \*

This is another of the burgeoning number of *Wende*[1] filings occasioned by recent legislative changes that are, not surprisingly, confusing to people who have not received a legal education.  Appellant Fidel Castro's attorney has been unable to find an issue to argue on behalf of his client, who misunderstood the change in the law.  We have reviewed the record and agree there is no arguable issue.

In 2019, in an attempt to make California law regarding murder more reflective of actual culpability, our Legislature effectively renounced the theories of "felony murder" and "reasonable and probable consequences liability" for murder and attempted murder.  First, the Legislature eliminated the natural and probable consequences theory for that crime by providing that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime."  (Pen. Code, § 188, subd. (a)(3)[2].)  Second, it reined in the felony murder rule so that it can only be applied to *nonkillers* if they aided and abetted the killer in committing first degree murder, or they were a major participant in the underlying felony and acted recklessly indifferent to human life.  (§ 189, subd. (e).)  It provided that people previously convicted could petition to have their cases reviewed and relief granted if either of those theories was employed against them and the facts of their case would not support a murder or attempted murder conviction without resort to those theories.

In 2007, appellant was convicted by a jury of premeditated attempted murder, shooting at an occupied motor vehicle, dissuading a witness, brandishing a firearm, and street terrorism.  It was found to be true that he had personally used and discharged a firearm in connection with the attempted murder count.  He was sentenced to 38 years, 4 months to life in prison.  The convictions were affirmed on appeal, although the sentence enhancement for use of a firearm enhancement was stricken

---

[1] *People v. Wende* (1979) 25 Cal.3d 436.
[2] All further statutory references are to the Penal Code.

because he had also been convinced of personally discharging the firearm. (*People v. Castro* (Oct. 23, 2007, G037208) [nonpub. opn.].)

In 2021, appellant filed this action, seeking relief pursuant to newly-enacted section 1172.6.[3] Section 1172.6 is the procedural mechanism for implementing the legislative changes described above.

The trial court appointed counsel for appellant, heard appellant's motion under this section and denied it. He appealed and we appointed counsel to represent him on appeal. Counsel reviewed the record in the case and concluded there was no issue he could argue that had a reasonable chance of success. He did not argue against his client but requested – as the law provides – that we independently review the case and see if *we* could find an issue that might be arguable. (*Wende, supra,* 25 Cal.3d 436; *People v. Delgadillo* (2022) 14 Cal.5th 216.) Appellant was given the opportunity to write to us and tell us what issues he thought might be found in the record but did not do so.

To obtain relief under the new section, the appellant had to show 1) he was prosecuted for murder or attempted murder under the felony murder rule or the natural and probable consequences doctrine, 2) his case was ultimately resolved under one of those concepts and 3) he would not be liable for his crime today because of how the Legislature has redefined that offense. (§§ 1172.6; 188, 189.) Appellant's petition fails on two of these three requirements.

Most importantly, neither of the abandoned theories was employed here. The charging document in his case (the first amended information) alleges that he "did willfully, unlawfully, and with malice aforethought" attempt to murder the victim. It goes on to allege that he did so "willfully, deliberately and with premeditation[.]" No "felony murder" or "reasonable and probable consequence" allegation appears in the information.

---

[3] When appellant filed this action, the governing section for the relief he sought was section 1170.95. It has since been renumbered 1172.6.

The jury did not find that appellant took part in a crime in which someone else did something and he was liable for it, they found that he personally discharged a firearm at the person with the intent to kill.  They found he did it with premeditation.  Those verdicts and finding establish that he was prosecuted as the perpetrator of the offense and without reference to any theory of felony murder or natural and probable consequences.  They also establish that he would be liable for attempted murder under present law.

The petition under section 1172.6 was properly denied and appellate counsel's concession under *Wende* was well-founded.  The judgment is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


GOETHALS, J.


4